UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM W. CARUTH, III and wife<br>MINNIE A. CARUTH<br>    Plaintiffs,<br><br>v.<br><br>CHUBB LLOYD'S INSURANCE,<br>COMPANY OF TEXAS and<br>CYNTHIA MORGAN<br>    Defendants. | §§§§§§§§§§§ | CIVIL ACTION NO.   3:17-cv-2748 |

## DEFENDANT CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Chubb Lloyd's Insurance Company of Texas ("Chubb Lloyd's") respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the Northern District of Texas from the 298th Judicial District Court of Dallas County, Texas, and for its Notice of Removal states:

### I.
### REMOVAL JURISDICITON

1.     This action, entitled *William W. Caruth, III and wife Minnie A. Caruth v. Chubb Lloyd's Insurance Company of Texas and Cynthia Morgan*, pending in the 298th Judicial District Court of Dallas County, Texas, Cause No. DC-17-11340, was commenced against Defendants via the filing of Plaintiffs' Original Petition (the "Petition") on or about August 31, 2017.

2.     Defendant Chubb Lloyd's was served on September 18, 2017. Accordingly this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

3.      Plaintiffs allege causes of action against Chubb Lloyd's for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and violations of the Texas Insurance Code. *See* Petition at 3-7. Plaintiffs allege causes of action against the Cynthia Morgan ("Morgan") for violations of the DTPA and violations of the Texas Insurance Code. *See* Petition at 7-9. Plaintiffs sue for damages, including actual damages, reasonable attorneys' fees, court costs, 18% statutory penalty damages, exemplary and/or treble damages, pre-judgment interest, post-judgment interest, and additional damages. *See* Petition at 10-11.

4.      Plaintiffs are individuals residing in Dallas County, Texas. *See* Petition at 1. Chubb Lloyd's is an unincorporated association; therefore, its citizenship for purposes of determining diversity jurisdiction is determined solely by the citizenship of each of its members. *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F. 3d 877, 882-883 (5th Cir. 1993), *cert. denied* 522 U.S. 815 (1997). Eight of the eleven members of Chubb Lloyd's are now and were at the time this action was commenced, citizens of the State of New Jersey. Two of the members are now and were at the time this action was commenced, citizens of the State of New York. The final member is now and was at the time this action was commenced, a citizen of the Commonwealth of Pennsylvania. Therefore, Chubb Lloyd's is now, and was at the time this action was commenced, a citizen of New Jersey, New York and Pennsylvania. No member of Chubb Lloyd's is a citizen of the State of Texas. Defendant Cynthia Morgan has been improperly joined and her citizenship should be disregarded for the purposes of determining diversity jurisdiction. Thus, removal is proper because there is complete diversity between the properly-named parties under 28 U.S.C. § 1332.

5.      The doctrine of improper joinder allows a Court to disregard citizenship of a non-diverse defendant when: (1) there is actual fraud in the pleading of jurisdictional facts; or (2) a plaintiff cannot establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). When determining if the second ground for improper joinder is met, the

Court evaluates the pleading under a Fed. R. Civ. P. 12(b)(6) analysis to determine if there is a "reasonable basis" to support Plaintiffs' claim against the non-diverse party. *Int'l Energy Ventures Mgmt. LLC v. United Energy Group Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016). A theoretical basis is not sufficient and there must be a "factual fit between the Plaintiffs' allegation and the pleaded theory of recovery." *Moore v. State Farm Mut. Auto. Ins. Co.*, 2012 U.S. Dist. LEXIS 127564, *8-9 (S.D. Tex. September 6, 2012)(citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461-62 (5th Cir. 2003) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).

6. Plaintiffs' lawsuit arises from a first-party insurance claim for alleged wind and hail damage to their property located in Dallas, Texas. *See* Petition at 2-3. Plaintiffs allege that Chubb Lloyd's assigned the claim to adjuster Cynthia Morgan to investigate the loss. *Id.* at 2. According to Plaintiffs, "… Morgan paid Plaintiffs for some of the damage to their property, [but] she unreasonably denied other benefits she represented would be covered." *Id.* at 3.

7. The alleged actions of Morgan are indistinguishable from the alleged actions of Chubb Lloyd's. Plaintiffs' Original Petition fails to state that Morgan acted outside her duties as an adjuster who conducted the investigation of Plaintiffs' claim. As such, Plaintiffs fail to distinguish between the allegedly wrongful acts of Morgan versus those of Chubb Lloyd's, and therefore cannot recover separately from Morgan. *Novelli v. Allstate Texas Lloyd's*, No. H-11-2690, 2012 LEXIS 37418, at *4-5 (S.D. Tex. Mar. 19, 2012)(concluding that "because the Plaintiffs' claims against [the adjuster] are identical to his claims against the corporate Defendants, he fails adequately to state a claim against [the adjuster].")).

8. Although Plaintiffs assert causes of action against Morgan for violations of the DTPA and the Texas Insurance Code, the allegations are nothing more than labels, legal conclusions couched as factual allegations, and formulaic recitations of the elements of the cause of action. *See* Petition at 7-9. None of these allegations are sufficient to establish a viable cause of action against Morgan under Texas

law. *Finkelman v. Liberty Mut. Fire Ins. Co.*, No. H:09-CV-03855, 2010 LEXIS 56813, at *19–21 (S.D. Tex. Feb. 4, 2010); *see Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-1728, 2009 LEXIS 99854, at *3 (S.D. Tex. Oct. 27, 2009)(holding that verbatim recitations of claim elements from the Texas Insurance Code without allegations illustrating what actions are specifically attributable to the insurance adjuster are insufficient to state a viable claim against the adjuster); *Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-015, 2007 LEXIS 60654, at *4 (S.D. Tex. Feb. 20, 2007) (holding that a complaint alleging joint violation of statutory provisions of the Insurance Code by the insurance company and adjuster "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the adjuster]"). Chubb Lloyd's also contends that Plaintiffs' allegations regarding unspecified misrepresentations purportedly made by Morgan fail to comply with the pleading requirements imposed by Federal Rules of Civil Procedure 9(b). *Int'l Energy Ventures Mgmn't*, 818 F.3d at 209. Therefore, there is no reasonable basis for the Court to predict Plaintiffs might recover against Morgan.

9. For these reasons, there is no reasonable basis to predict Plaintiffs might recover against non-diverse Defendant Morgan given Plaintiffs' failure to plead facts which fit a properly pleaded theory of recovery against her. This Court should disregard the citizenship of Morgan for purposes of the removal determination.

## II.
## AMOUNT IN CONTROVERSY

10. "Plaintiffs seek monetary damages in excess of $200,000 but less than $1,000,000." *See* Exhibit A (Plaintiffs' Original Petition at 2). Thus, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

## III.
## ATTACHMENTS

11. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Chubb Lloyd's in the state court action are attached to this notice. *See* Exhibit A.

## IV.
## NOTICE TO STATE COURT

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the 298th District Court of Dallas County, Texas.

13. Pursuant to Federal Rule of Civil Procedure 38, Chubb Lloyd's demands a trial by jury.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Chubb Lloyd's respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. Chubb Lloyd's further requests any additional relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Jennifer G. Martin*
**JENNIFER G. MARTIN**
Texas State Bar No. 00794233
Email: jennifer.martin@wilsonelser.com
**LISA M. WILSON**
Texas State Bar No. 24013767
Email: lisa.wilson@wilsonelser.com
**W. NICHOLAS TERRELL**
Texas State Bar No. 24075149
Email: nick.terrell@wilsonelser.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Fax: (214) 698-1101

**ATTORNEYS FOR DEFENDANTS CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS AND CYNTHIA MORGAN**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 6th day of October, 2017.

/s/ W. Nicholas Terrell
**W. NICHOLAS TERRELL**

Scott M. Keller
Law Offices of Scott Keller
3890 W. Northwest Highway, Ste. 650
Dallas, Texas 75220

Michael S. Carnahan
Carnahan Thomas
1190 N. Carroll Avenue
Southlake, Texas 76092