# ATTACHMENT "2'"

2 CIT ES

DALLAS COUN
8/31/2017 5:18
FELICIA PIT
DISTRICT CLE

Case 3:17-cv-02748-G-BN   Document 1-3   Filed 10/06/17   Page 2 of 14   PageID 16

Angie Avina

DC-17-11340

CAUSE NO. _____

| | | |
|---|---|---|
| **WILLIAM W. CARUTH, III and wife** | § | |
| **MINNIE A. CARUTH** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **____ JUDICIAL DISTRICT** |
| | § | |
| **CHUBB LLOYD'S INSURANCE** | § | |
| **COMPANY OF TEXAS and** | § | |
| **CYNTHIA MORGAN** | § | |
| **Defendants.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiffs, WILLIAM W. CARUTH, III and wife, MINNIE A. CARUTH, file this their Plaintiffs' Original Petition complaining of Defendants CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS and CYNTHIA MORGAN, and would respectfully show unto the Court and Jury the following:

### I. PARTIES SERVICE AND DISCOVERY CONTROL

1.     Discovery is intended to be conducted under Level Three of TRCP 190.

2.     Plaintiffs are individuals residing in Dallas County, Texas.

3.     Defendant CHUBB LLOYD'S INSURANCE COMPANY OF TEXAS ("CHUBB") is an insurance company engaged in the business of insurance in the State of Texas and may be served through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.     Defendant Cynthia Morgan ("Morgan") is a licensed insurance adjuster that may be served with process at 8317 Indian Bluff Trail, Fort Worth, Texas 76131-4578.

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 1 OF 11.

## II. JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. The Court has venue over Defendants because all or a substantial part of the events giving rise to the claims took place in Dallas County, Texas. Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs seek monetary damages in excess of $200,000 but less than $1,000,000.

## III. REQUEST FOR DISCLOSURE

6.      Pursuant to Texas Rule of Civil Procedure 194, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## IV. BACKGROUND FACTS

7.      This suit involves the wrongful denial of Plaintiffs' claim for insurance benefits. Plaintiffs are insureds and have an insurable interest in property located at 7033 Hill Forest Drive, Dallas, Texas 75230 ("Property"). At the time of the losses made the subject of this suit, Plaintiffs' Property was insured by a policy of insurance issued by CHUBB. All premiums for the policy at issue had been paid and the subject loss occurred within applicable periods of coverage with CHUBB.

8.      In 2015, Plaintiffs reported a claim to CHUBB for damage to its property resulting from water leaks. Thereafter, CHUBB assigned the claim to Cynthia Morgan for investigation. Morgan inspected the Property and represented to Plaintiffs that certain damaged areas of the Property would be covered by the Policy. Likewise, Morgan hired Roof Technical Services, Inc. to report on the cause of damages Plaintiffs' property and report on whether the property sustained

damage from wind and/or hail. Upon information and belief, Morgan hired Roof Technical Services, Inc. because it was known that it would issue a report on which the claim could be denied.

9.      True to form, on March 30, 2017, Roof Technical Services, Inc. issued a report authored by Rondi Perry in which Mr. Perry opined that the property had not sustained damage from wind or hail. While Morgan paid Plaintiffs for some of the damage to their Property, she unreasonably denied other benefits she represented would be covered. In addition, Morgan relied upon the report issued by Mr. Perry to deny Plaintiffs' claim for other benefits under the Policy.

## V. CAUSES OF ACTION AGAINST DEFENDANT CHUBB

### A. Breach of Contract

10.      Plaintiffs reassert and incorporate by reference all the facts and allegations set forth above. Plaintiffs have met all conditions precedent to bringing this cause of action against CHUBB. Plaintiffs would show that the policy purchased from Defendant CHUBB was in full force and effect at the time of the damage to the Property. The policy provided that if such losses occurred, then Defendant will pay Plaintiffs the cost of repair or replacement of the damage with like kind and quality. Plaintiffs would show that they timely submitted the Notice of Claim in accordance with the terms of the Policy. Defendant processed the claim, but has refused and failed to fully pay according to its obligations under the contract of insurance, and by failing has breached the policy contract.

### B. Common Law Cause of Action

11.      Plaintiffs reassert and incorporate by reference all of the facts and allegations set forth above. By its acts, omissions, failures and conduct, Defendant CHUBB breached the common law duty of good faith and fair dealing by delaying and denying Plaintiffs' covered claim without any reasonable basis and by failing to conduct a reasonable investigation with respect to the claim.

Defendant has also breached its duty by unreasonably delaying payment of Plaintiffs' claim and by failing to settle Plaintiffs' claim when it knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures and conduct of Defendant is a proximate cause of Plaintiffs' damages.

## C. DTPA Cause of Action

12.     Plaintiffs reassert and incorporate by reference all the facts and allegations set forth above. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant CHUBB.

13.     By its acts, omissions, failures and conduct that are described in this petition, Defendant violated Sections 17.46 of the DTPA as follows:

a.      Defendant CHUBB represented to Plaintiffs that the insurance policies and adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

b.      Defendant CHUBB represented to Plaintiffs that the insurance policies and adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

c.      Defendant CHUBB represented to Plaintiffs that the insurance policies and adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) if the DTPA;

d.      Defendant CHUBB engaged in an unconscionable action in that it took advantage of Plaintiffs' lack of knowledge, ability and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

e.      Defendant CHUBB's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

14.     Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiffs to their detriment and was a proximate and producing cause of Plaintiffs' damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiffs should recover additional damages as provided by the DTPA.

### D. Cause of Action for Unfair Insurance Practices

15.     Plaintiffs reassert and incorporate by reference all of the facts and allegations set forth above. Plaintiffs have satisfied all conditions precedent to bringing this cause of action.

16.     By its acts, omissions, failures and conduct, Defendant CHUBB has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim and Defendant's failure to pay for the full damages to Plaintiffs' property when liability had become reasonably clear. Specifically, Defendant is guilty of the following unfair insurance practices:

a.     Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code;

b.     Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (7) of the Texas Insurance Code, by refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

c.     Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (2) of the Texas Insurance Code   by failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

d.      Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder;

e.      Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

f.      Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (1) of the Texas Insurance Code my making an untrue statement;

g.      Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and in Section 541.061 (2) of the Texas Insurance Code by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

h.      Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (3) of the Texas Insurance Code by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

17.      Defendant's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiffs to their detriment and were a proximate and producing cause of Plaintiffs' damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiffs should recover additional damages as provided by the Texas Insurance Code.

## E. Violation of Prompt Payment of Claims Act

18.      Defendant CHUBB violated the Prompt Payment of Claims Act, Section 542.051, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate Plaintiffs'

claim and by failing to pay Plaintiffs' claim. Likewise, Defendant's failure to properly pay

Plaintiffs' claim constitutes an automatic violation of Section 542.058 which provides:

> "*Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.*"

19.    Defendants' wrongful rejection of the claim necessarily means it failed to pay

within 60 days automatically violating Section 542.058. Accordingly, Plaintiffs are entitled to the

relief set forth in Section 542.060 of the act, including attorney's fees.

## VI. CLAIMS AGAINST DEFENDANT MORGAN

### A. Deceptive Trade Practices Act Violations

20.    Plaintiffs reassert and incorporate by reference all the facts and allegations set forth

above. Plaintiffs have met all conditions precedent to bringing this cause of action against

Defendant Morgan.

21.    Plaintiffs cooperated with Defendant Morgan's investigation of the claim by

responding to inquiries and making their Property available for inspection. Defendant Morgan

failed to perform a proper and complete investigation of the claim, represented that certain

damages would be covered then failed to pay for such damage, ignored the true facts of the claim,

and, upon information and belief, retained Roof Technical Services, Inc. because it was known

that it would issue a report on which the claim for benefits could be denied.

22.    By her acts, omissions, failures and conduct that are described in this petition,

Defendant Morgan violated the DTPA in the following respects:

a.    Defendant Morgan represented to Plaintiffs that the insurance policy was of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

b.   Defendant Morgan engaged in an unconscionable action in that he took advantage of Plaintiffs' lack of knowledge, ability and experience in insurance matters to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

c.   Defendant Morgan breached an express warranty that the damage would be covered under the insurance policy at issue. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and 17.50 (a)(2) of the DTPA.

23.   Defendant Morgan's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiffs to their detriment and were a proximate and producing cause of Plaintiffs' damages. Said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiffs should recover additional damages.

### B. Texas Insurance Code Violations

24.   Plaintiffs reassert and incorporate by reference all the facts and allegations set forth above. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant Morgan. Defendant Morgan's conduct demonstrates that she engaged in unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim and the failure to promptly pay the claim after receipt of evidence that the claim should be paid and the failure to pay the claim when liability had become reasonably clear. Specifically, Defendant committed the following unfair insurance practices:

a.   Defendant Morgan engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 8 OF 11.**

b.    Defendant Morgan engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

c.    Defendant Morgan engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.    Defendant Morgan engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (1) of the Texas Insurance Code my making an untrue statement;

e.    Defendant Morgan engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and in Section 541.061 (2) of the Texas Insurance Code by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

f.    Defendant Morgan engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (3) of the Texas Insurance Code by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

25.    Defendants Morgan and CHUBB's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiffs to their detriment and were a proximate and producing cause of Plaintiffs' damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiffs should recover additional damages as provided by the Texas Insurance Code.

## VII. WAIVER AND ESTOPPEL

26.    Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 9 OF 11.**

## VIII. CONDITIONS PRECEDENT

27.     All conditions precedent necessary to maintain this action have been performed, have occurred, or could not be timely accomplished prior to filing of suit. Alternatively, Defendants have wholly waived and are estopped from asserting that Plaintiffs failed to fulfill all conditions precedent necessary to maintain this action. Plaintiffs brought this suit within two years of the date that Plaintiffs discovered or should, in the exercise of reasonable care and diligence, have discovered the nature of its injuries and damages.

## IX. DAMAGES

28.     The above described acts, omissions, failures and conduct of Defendants caused Plaintiffs' damages which include, without limitation, the full payment of the claim at issue. Plaintiffs are also entitled to recover the amount of the claim plus an 18% per annum penalty on the claim against Defendant CHUBB as damages under the Prompt Payment of Claims Act. Plaintiffs seek all damages it is entitled to under Texas law. All of the damages described in this petition are within the jurisdictional limits of the Court.

## X. ADDITIONAL DAMAGES

29.     Defendants "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of such conduct, Plaintiffs are entitled to additional damages as authorized by the Texas Insurance Code and DTPA.

## XI. ATTORNEYS' FEES

30.     Plaintiffs seek attorneys' fees for the prosecution of this suit pursuant to Sec. 17.50(d) of the Texas Business and Commerce Code, Sections 541 and 542 of the Texas Insurance Code and Sec. 38.001 of the Texas Civil Practice and Remedies Code.

## XII. JURY DEMAND

31.      Plaintiffs request that this case be tried before a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final jury trial, that Plaintiffs be awarded damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorneys' fees for the trial and any subsequent appeal of this case, pre-judgment interest at the highest rate permitted by law, post-judgment interest from the date of judgment until paid at the highest rate permitted by law, those damages authorized by the Texas Insurance Code and the Texas Business and Commerce Code, and for such other and further relief, both at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

*/s/ Scott M. Keller*
Scott M. Keller
State Bar Number: 11198350
LAW OFFICES OF SCOTT M. KELLER
3890 W. Northwest Highway, Ste. 650
Dallas, Texas 75220
Telephone: (214) 741-2963
Facsimile: (214) 741-2959
scottmkeller@sbcglobal.net

Michael S. Carnahan
State Bar Number: 03825700
CARNAHAN THOMAS
1190 N. Carroll Avenue
Southlake, Texas 76092
Telephone: (817) 424-1001
Facsimile: (817) 424-1003
mcarnahan@carnahanthomas.com

**ATTORNEYS FOR PLAINTIFFS**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____    COURT *(FOR CLERK USE ONLY):* _____

STYLED *William W. Caruth, III and wife Minnie A. Caruth v.*
*Chubb Lloyd's Insurance Company of Texas and Cynthia Morgan*

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: **Scott M. Keller**
Email: scottmkeller@sbcglobal.net
Address: **3890 W. Northwest Highway, Ste. 650**
Telephone: 214-741-2963
City/State/Zip: **Dallas, Texas 75220**
Fax: 214-741-2959
Signature: */s/ Scott M. Keller*
State Bar No: 11198350

**Names of parties in case:**
Plaintiff(s)/Petitioner(s):
*William W. Caruth and wife Minnie A. Caruth*
Defendant(s)/Respondent(s):
*Chubb Lloyd's Insurance Company of Texas and Cynthia Morgan*
[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
XX Attorney for Plaintiff/Petitioner
☐ *Pro Se* Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:
Custodial Parent: _____
Non-Custodial Parent: _____
Presumed Father: _____

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
*Debt/Contract*
☒☒ Consumer/DTPA
XX Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:
*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
XX Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/ Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus— Pre-indictment
☐ Other: _____

### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Probate & Mental Health
*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other: _____

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐License | ☐Receiver |
| ☐Bill of Review | ☐Mandamus | ☐Sequestration |
| ☐Certiorari | ☐Post-judgment | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | | ☐Turnover |

**4. Indicate damages sought (*do not select if it is a family law case*):**

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
   ☐ Over $100, 000 but not more than $200,000
XX   Over $200,000 but not more than $1,000,000
   ☐ Over $1,000,000

Rev 2/13