UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM W. CARUTH, III, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:17-CV-2748-G |
| CHUBB LLOYD'S INSURANCE | ) |
| COMPANY OF TEXAS, ET AL., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court are two motions: (1) the motion of the plaintiffs William W. Caruth, III and Minnie A. Caruth ("the Caruths") to remand this case to the state court from which it was previously removed (docket entry 15), and (2) the motion of the defendant Cynthia Morgan ("Morgan") to dismiss the plaintiffs' claims against her under Federal Rule of Civil Procedure 12(b)(6) (docket entry 10). For the reasons stated below, the Caruths' motion is denied and Morgan's motion is granted.

I. BACKGROUND

This case arose from the alleged mishandling of the Caruths' insurance claim for damage to their property following a hail storm. *See* Plaintiffs' Original Petition and Request for Disclosure ("Original Petition") ¶ 8 (docket entry 1-3, attachment

2). In the aftermath of the storm, the Caruths discovered damage to their property resulting from water leaks. See *id.* To recover for this damage, the Caruths filed an insurance claim with their insurer, Chubb Lloyd's Insurance Company of Texas ("Chubb"). *Id.* After receiving the claim, Chubb assigned Morgan, an insurance adjuster, to investigate it. See *id.* Morgan hired Roof Technical Services, Inc. ("Roof Technical") to determine whether wind or hail damaged the property. *Id.* Roof Technical's report concluded that the damage to the Caruths' property was not the result of wind or hail. *Id.* ¶ 9. The Caruths contend that Morgan mishandled the inspection, which resulted in underpayment and a partial denial of their insurance claim. *Id.*

On August 31, 2017, the Caruths filed this suit against Chubb and Morgan in the 298th Judicial District Court of Dallas County, Texas. Defendant Chubb Lloyd's Insurance Company of Texas's Notice of Removal ("Notice of Removal") ¶ 1 (docket entry 1). On October 6, 2017, the defendants removed the case to this court based on diversity of citizenship, arguing that the Caruths improperly joined Morgan, a Texas citizen. *See* Notice of Removal ¶ 4. Shortly thereafter, on October 13, 2017, Morgan filed a motion to dismiss the Caruths' claims against her. Defendant Cynthia Morgan's Motion to Dismiss; Defendant Cynthia Morgan's Brief in Support of Her Motion to Dismiss (docket entry 11). On November 6, 2017, the Caruths filed a motion to remand this case to state court, contending that removal was

improper because there is not complete diversity of citizenship. Plaintiffs' Motion to Remand ¶ 1. The Caruths are individuals who reside in Dallas County, Texas. Original Petition ¶ 2, and thus presumably citizens of Texas. Chubb is an unincorporated association, Notice of Removal ¶ 4, which "is considered to have the citizenship of its members." *Royal Insurance Company of America v. Quinn-L Capital Corporation*, 3 F.3d 877, 882 (5th Cir. 1993), *cert denied*, 511 U.S. 1032 (1994). Therefore, Chubb is a citizen of New Jersey, New York, and Pennsylvania. Notice of Removal ¶ 4.

Because the Caruths do not appear to dispute that the amount in controversy exceeds $75,000, the court must first determine whether joinder of Morgan was improper. If the court concludes that joinder of Morgan was improper, then the court will dismiss the plaintiffs' claims against Morgan and the case will remain on this court's docket. Alternatively, if the court were to conclude that the Caruths properly joined Morgan as a defendant in this suit, then this court would lack subject matter jurisdiction over the dispute and would therefore be required to remand the case to state court for further proceedings.

## II. ANALYSIS

### A. Legal Standard

#### 1. *Removal Jurisdiction*

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted). Accordingly, "any doubt as to the propriety of removal should be resolved in favor of remand." *Id.* (citation and internal quotations omitted). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988).

There are two principal bases upon which a district court may exercise removal jurisdiction: (1) the existence of a federal question, 28 U.S.C. § 1331, and (2) complete diversity of citizenship among the parties, 28 U.S.C. § 1332. Here, the defendants have alleged only diversity of citizenship as a basis for this court's subject matter jurisdiction. *See* Notice of Removal ¶ 4. The court can properly exercise jurisdiction on the basis of diversity of citizenship only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case was

brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a). In this case, there is not complete diversity because the Caruths and Morgan, the insurance adjuster, are citizens of Texas. *See* Notice of Removal ¶ 4. The defendants, however, contend that removal is proper because the plaintiffs improperly joined Morgan. *Id.*

### 2. *Improper Joinder*

Even if a defendant has the same citizenship as the plaintiff, a federal court can still exercise removal jurisdiction over an action if the court finds that the plaintiff improperly joined the nondiverse defendant. See *McDonal v. Abbot Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The Fifth Circuit has recognized two grounds on which a court can find that a defendant was improperly joined: when "(1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." *Campbell v. Stone Insurance, Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citation omitted). Here, only the latter ground is at issue. *See* Notice of Removal ¶ 5.

"The party seeking removal bears [the] heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005). This burden requires the trial court to "resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in the

[plaintiffs'] favor." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). To satisfy the second ground for improper joinder, the defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant." *Smallwood*, 385 F.3d at 573. If the complaint survives this analysis, there is generally no improper joinder, and if the defendant does not prove improper joinder, remand is mandated. *Id.* at 573, 575.

The "reasonable basis" test for improper joinder is essentially "a Rule 12(b)(6)-type analysis," whereby the court "look[s] . . . at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* at 573. Further, the federal pleading standard applies when conducting the Rule 12(b)(6)-type analysis of improper joinder claim on a motion to remand. *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited*, 818 F.3d 193, 204 (5th Cir. 2016).

3. *The Federal Pleading Standard*

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff[s] must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual applications, [the plaintiffs'] obligation to provide the grounds of [their] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff[s]." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than legal conclusions, are not entitled to the presumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The

plaintiffs must therefore "plead [] factual content that allows the court to draw the reasonable inference that the defendant[] [is] liable for the misconduct alleged." *Id.* (bracket omitted). "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but has not 'show[n]' -- 'that the pleader[s] [are] entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)) (alteration in original). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiffs' allegations "nudge" their claims against the defendant "across the line from conceivable to plausible." See *id.* at 679, 683.

### B. Application

Under Texas law, adjusters like Morgan may be held individually liable for violations under Chapter 541 of the Texas Insurance Code. *Petree v. Metropolitan Lloyds Insurance Company of Texas* (*Petree I*), No. 3:16-CV-0735-G, 2016 WL 3090592, at *4 (N.D. Tex. June 2, 2016) (Fish, Senior J.) ("This court concludes that insurance adjusters can be liable under the provisions of the TEX. INS. CODE at issue here."), *recons. denied*, No. 3:16-CV-0735-G, 2016 WL 4179372. However, "for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage." *Messersmith v. Nationwide Mutual Fire In*surance *Company*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.). Because individual liability is available under

Chapter 541, the question becomes whether the defendants have met their burden of showing that "there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against an in-state defendant." *Carrillo Funeral Directors, Inc. v. Ohio Security Insurance Company*, No. 3:17-CV-1530-G, 2017 WL 5070376, at *2 (N.D. Tex. Nov. 3, 2017) (Fish, Senior, J.) (quoting *Smallwood*, 385 F.3d at 573.). "[I]f the court finds a reasonable basis to predict [that the Caruths] can potentially recover on any of these causes of action, the court must remand the entire case." *Glidewell v. Safeco Insurance Company*, No. 3:15-CV-1099-G, 2015 WL 4868483, at *4 (N.D. Tex. Aug. 13, 2015) (Fish, Senior J.); see also *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[The] holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants, despite the pleading of several unavailing claims, requires remand of the entire case to state court.").

The Caruths allege that Morgan violated the following provisions of the Texas Insurance Code: "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue," § 541.060(a)(1); "fail[ing] to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear," § 541.060(a)(2)(A); "refus[ing] to pay a claim without conducting a reasonable investigation," § 541.060(a)(7); "making an untrue statement of material fact," § 541.061(1);

"failing to state a material fact necessary to make other statements not misleading," § 541.061(2); and "making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact," § 541.061(3). *See* Original Petition ¶ 24. Chubb responds that the Caruths fail to state a claim against Morgan because the Caruths' complaint merely recites the statutory language with conclusory allegations that Morgan violated Chapter 541 of the Texas Insurance Code. *See generally* Defendant Chubb Lloyd's Brief in Response to Plaintiffs' Motion to Remand (docket entry 17). The court agrees with Chubb's contention.

The Caruths' allegations against Morgan are similar to allegations made in other cases where this court has concluded that plaintiffs failed to state a claim. For example, in *Carrillo*, the plaintiffs alleged that the adjuster "(1) failed to perform a thorough investigation, (2) performed a substandard inspection of the properties, and (3) misrepresented coverage afforded under the [p]olicy." *Carrillo*, 2017 WL 5070376, at *3. In this case, the Caruths allege that Morgan (1) "failed to perform a proper and complete investigation of the claim," (2) "represented that certain damages would be covered then failed to pay for such damage," and (3) "upon information and belief, retained [Roof Technical] because it was known that it would issue a report on which the claim for benefits would be denied." Original Petition ¶ 21. Like the plaintiffs' allegations in *Carrillo*, the Caruths' allegations fail to adequately describe the cause of their loss. In particular, the Caruths fail to specify

*how* Morgan's inspection was substandard. See *Arrow Bolt & Electric, Inc. v. Landmark American Insurance Company*, No. 3:17-CV-1894-M, 2017 WL 4548319, at *2 (N.D. Tex. Oct. 12, 2017) (Lynn, Chief J.); see also *Petree v. Metropolitan Lloyds Insurance Company of Texas (Petree II)*, No. 3:16-CV-0735-G, 2016 WL 4211764, at *2 (N.D. Tex. Aug. 9, 2016) (Fish, Senior J.) (concluding that the plaintiffs provided enough factual allegations to substantiate their claims against the insurance adjuster where the plaintiffs asserted that "Tailored ignored the moisture that was entering the property via the wind driven rain (a covered cause of loss) and focused exclusively on water that was allegedly entering the property via groundwater (an excluded loss).").

Additionally, the Caruths fail to identify a single statement or misrepresentation that could support a cause of action under sections 541.060 or 541.061. The Caruths' petition only asserts that Morgan "represented that certain damaged areas of the [p]roperty would be covered by the [p]olicy." Original Petition ¶ 8. The Caruths also allege that Morgan's actions resulted in "unreasonable delays in the investigation, adjustment and resolution of the [insurance] claim and [the] failure to promptly pay the claim after receipt of evidence that the claim should be paid and failure to pay the claim when liability had become reasonably clear." *Id.* ¶ 24. These allegations do not specify how Morgan delayed the resolution of the Caruths' claim; instead, these allegations amount to mere conclusory statements. See *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993)

("[C]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss.").

In addition to the claims under Chapter 541, the Caruths also allege that Morgan violated the Deceptive Trade Practices-Consumer Protection Act (DTPA). *See* Original Petition ¶¶ 22-23. But because "[t]he DTPA claim is derivative of the Texas Insurance Code Claims," and the court has already concluded that the Caruths have not adequately pleaded a cause of action under the Texas Insurance Code, any claim against Morgan under the DTPA must fail. See *Mainali Corporation v. Covington Specialty Insurance Company*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *6 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.).

In sum, the Caruths have not pleaded "enough facts to state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. Because the Caruths have not stated a claim against Morgan, this court concludes that joinder of Morgan was improper. The claims asserted against Chubb are unaffected by this ruling, and this ruling does not preclude the Caruths from amending their complaint to allege more specific facts. The Caruths' claims against Morgan are dismissed without prejudice.

### III. CONCLUSION

For the reasons stated above, the motion to remand is **DENIED** and the Caruths' claims against Morgan are **DISMISSED** without prejudice. The Caruths shall have leave to amend their complaint to cure -- if they can -- the pleading defects

described above, provided that the Caruths' amended complaint is filed and served no later than April 23, 2018.

**SO ORDERED.**

April 9, 2018.

_____
**A. JOE FISH**
**Senior United States District Judge**