## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **WILLIAM W. CARUTH, III and wife** | § | |
| **MINNIE A. CARUTH** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:17-CV-02748-G** |
| | § | |
| **CHUBB LLOYD'S INSURANCE** | § | |
| **COMPANY OF TEXAS and** | § | |
| **CYNTHIA MORGAN** | § | |
| **Defendant.** | § | |

## PLAINTIFFS' AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs William W. Caruth, III and Minnie A. Caruth file this their Plaintiffs' Amended Complaint complaining of Defendants, Chubb Lloyd's Insurance Company of Texas and Cynthia Morgan, and would respectfully show unto the Court and Jury the following:

## I. JURISDICTION

1.     While Plaintiffs admit the amount in controversy exceeds $75,000.00, it is their contention that the Court does not have diversity jurisdiction over this matter as Cynthia Morgan, a resident of the State of Texas, is a proper party.

## II. PARTIES

2.     Plaintiffs William W. Caruth, III and Minnie A. Caruth are residents of Dallas County, Texas.

3.      Plaintiffs have capacity and standing to bring this suit as they are the owners of the Property made the basis of this suit. Further, they are insureds under the policy of insurance issued by Defendant Chubb Lloyd's Insurance Company of Texas.

4.      Defendant Chubb Lloyd's Insurance Company of Texas ("CHUBB") is a foreign insurance company engaged in the business of insurance in the State of Texas. Defendant has made an appearance herein and may be served through its counsel of record.

5.      Defendant Cynthia Morgan ("Morgan") is a licensed insurance adjuster residing in the State of Texas. Defendant has made an appearance herein and may be served through her counsel of record.

### III. STATEMENT OF CLAIM

6.      Plaintiffs are insureds and have an insurable interest in Property located at 7033 Hill Forest Drive, Dallas, Texas 75230 ("Property").

7.      In August 2015, Plaintiffs reported a claim to CHUBB for damage to its Property resulting from water leaks. Thereafter, CHUBB assigned the claim to Defendant Morgan for investigation.

8.      After receiving the assignment of Plaintiffs' claim, Morgan inspected the Property on or about August 25, 2015 and represented to Plaintiffs that certain damaged interior areas of the Property would be covered by the Policy. However, Morgan subsequently denied payment to Plaintiffs to repair the very damage she had previously represented would be covered. Plaintiffs contends such conduct by Morgan constitutes not only a breach of the insurance contract but a misrepresentation actionable under the Texas Insurance Code and DTPA.

**PLAINTIFFS' AMENDED COMPLAINT - PAGE 2 OF 15.**

9.      Following her assignment and inspection of the Property, on August 25, 2015, Morgan prepared a "First Report" in which she noted that "there is an exclusion for the rotted wood and maintneance [sic] issues. However, ensuing water damage is covered" by the policy.

10.     Morgan acknowledged that ensuing water damage would be covered in a meeting attended by, among others, a public claims adjuster. However, Morgan wholly failed and refused to pay Plaintiffs for the ensuing water damage to their home. Again, Plaintiffs contend such conduct by Morgan constitutes a misrepresentation actionable under the Texas Insurance Code and DTPA.

11.     Morgan also recommended obtaining an engineering inspection of the Property and an estimate for covered damage, to be followed by CHUBB reserving and paying for that damage. She then engaged Roof Technical Services, Inc. ("RTS") to inspect the Property and report on the cause of damage, including whether the Property sustained damage from wind and/or hail. The ultimate claim decision would then be based on the opinions provided by RTS following its inspection.

12.     Upon information and belief, Morgan hired RTS because it was known to her that RTS would issue a report on which the claim could be denied or claim underpaid. Such conduct is actionable under the Texas Insurance Code and DTPA as it evidences Morgan's failure to conduct a reasonable investigation with respect to the claim.

13.     True to form, on September 17, 2015, RTS issued a report authored by Rondi Perry in which Mr. Perry opined that the Property had not sustained damage from wind or

hail. Plaintiffs contend such report misrepresents the actual damage to their home caused by hail.

14.    Nevertheless, Plaintiffs obtained a repair estimate for the interior water damage (which Morgan had represented would be covered on at least two occasions) from Specialty Restoration of Texas in October 2015 which indicated a repair cost of approximately $22,400. While Morgan paid Plaintiffs for some of the damage to their Property, she unreasonably denied other benefits she had previously represented to Plaintiffs would be covered under the policy. Plaintiffs contend such conduct violates not only the terms of the insurance contract but the Texas Insurance Code and DTPA as same evidences Morgan's failure to pay the claim when it was reasonably clear the claim was covered and further evidences her failure to conduct a reasonable investigation with respect to the claim.

15.    In addition, Morgan's conduct in seeking out a report that would recommend denial of policy benefits also amounts to a failure to attempt in good faith to effectuate a prompt, fair and equitable settlement of that claim after Chubb's liability had, from Morgan's own inspection, become reasonably clear. In addition, to the extent that Plaintiffs' claim has not in fact been resolved as alleged herein, Morgan's conduct has necessarily delayed a fair resolution of Plaintiffs' claim as a delay in payment because Plaintiffs still have not been fully and completely paid for the covered damage to the Property. Such has a net effect of increasing the overall damages to Plaintiffs.

## IV. CAUSES OF ACTION AGAINST DEFENDANT CHUBB

### A. Count One - Breach of Policy Contract

16.     Plaintiffs reassert and incorporate by reference all the facts and allegations set forth above in paragraphs 6-15.

17.     Plaintiffs would show that the policy purchased from Defendant CHUBB was in full force and effect at the time of the damage to the Property. The policy provided that if such losses occurred, then Defendant will pay Plaintiffs the cost of repair or replacement of the damage with like kind and quality.

18.     Plaintiffs would show that they timely submitted the Notice of Claim in accordance with the terms of the Policy. Defendant processed the claim, but has refused and failed to fully pay according to its obligations under the contract of insurance with Plaintiffs, such constituting a breach of the policy contract.

### B. Count Two – Breach of Duty of Good Faith and Fair Dealing

19.     Plaintiffs reassert and incorporate by reference all the facts and allegations set forth above in paragraphs 6-15.

20.     By its acts, omissions, failures and conduct, Defendant CHUBB breached the common law duty of good faith and fair dealing by delaying and denying Plaintiffs' covered claim without any reasonable basis and by failing to conduct a reasonable investigation with respect to the claim. Defendant has also breached its duty by unreasonably delaying payment of Plaintiffs' claim and by failing to settle Plaintiffs' claim when it knew or should have known that it was reasonably clear that the claim was covered.

## C. Count Three - DTPA Violations

21.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above in paragraphs 6-15. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant CHUBB.

22.     By its acts, omissions, failures and conduct described in this complaint, Defendant violated the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA") as follows:

a.      Defendant CHUBB represented to Plaintiffs that the insurance policies and adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

b.      Defendant CHUBB represented to Plaintiffs that the insurance policies and adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

c.      Defendant CHUBB represented to Plaintiffs that the insurance policies and adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) if the DTPA;

d.      Defendant CHUBB engaged in an unconscionable action in that it took advantage of Plaintiffs' lack of knowledge, ability and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

e.      Defendant CHUBB's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

23.     The above described acts, omissions and failures of Defendant were relied upon by Plaintiffs to their detriment. Plaintiffs would also show that such conduct was a

proximate and producing cause of their damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiffs should recover additional damages as provided by the DTPA.

### D. Count Four – Texas Insurance Code Violations

24.    Plaintiffs reassert and incorporate by reference all the facts and allegations set forth above in paragraphs 6-15. Plaintiffs have satisfied all conditions precedent to bringing this cause of action against Defendant CHUBB.

25.    By its acts, omissions, failures and conduct, Defendant CHUBB has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this complaint plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim and its failure to pay for the proper repair of their home after liability had become reasonably clear.

26.    Defendant's conduct referenced in this complaint constitutes a violation of the Texas Insurance Code as follows:

      a.    Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code;

      b.    Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (7) of the Texas Insurance Code, by refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

c.  Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (2) of the Texas Insurance Code   by failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

d.  Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder;

e.  Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

f.  Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (1) of the Texas Insurance Code my making an untrue statement;

g.  Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and in Section 541.061 (2) of the Texas Insurance Code by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

h.  Defendant CHUBB engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (3) of the Texas Insurance Code by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

27.    Defendant CHUBB's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiffs to their detriment and were a proximate and producing cause of Plaintiffs' damages. Further, said unlawful acts and

practices were committed knowingly and intentionally, for which Plaintiffs should recover additional damages as provided by the Texas Insurance Code.

### E. Count Five - Violation of Prompt Payment of Claims Act

28.    Plaintiffs reassert and incorporate by reference all the facts and allegations set forth above in paragraphs 6-15.

29.    Plaintiffs would show that Defendant CHUBB violated the Prompt Payment of Claims Act, Section 542.051, of the Texas Insurance Code, by failing to properly and timely investigate Plaintiffs' claim and by failing to fully pay Plaintiffs' claim.

30.    Plaintiffs would show that Defendant's failure to fully pay their claim constitutes an automatic violation of Section 542.058 which provides:

> *"Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060."*

31.    Defendant's wrongful rejection of the claim necessarily means it failed to pay within 60 days which constitutes an automatic violation Section 542.058. Accordingly, Plaintiffs are is entitled to the relief set forth in Section 542.060 of the act, including statutory interest and reasonable and necessary attorneys' fees.

## V. CLAIMS AGAINST DEFENDANT MORGAN

### A. Count One – DTPA Violations

32.    Plaintiffs reassert and incorporate by reference all the facts and allegations set forth above in paragraphs 6-15. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant Morgan.

33.    Plaintiffs cooperated with Defendant Morgan's investigation of the claim by responding to inquiries and making their Property available for inspection.

34.    Defendant Morgan failed to perform a proper and complete investigation of the claim, represented that certain damages would be covered then failed to pay for such damage, as set forth in paragraphs 8-15 above.

35.    Defendant Morgan ignored the true facts of the claim, as set forth in paragraphs 8-15 above.

36.    Defendant Morgan, upon information and belief, retained Roof Technical Services, Inc. because it was known that it would issue a report on which the claim for benefits could be denied, as set forth in paragraphs 8-15 above.

37.    By her acts, omissions, failures and conduct that are described in this petition, specifically paragraphs 6-15 and 32-36, Defendant Morgan violated the DTPA in the following respects:

     a.    Defendant Morgan represented to Plaintiffs that the insurance policy was of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

      b.     Defendant Morgan engaged in an unconscionable action in that he took advantage of Plaintiffs' lack of knowledge, ability and experience in insurance matters to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

      c.     Defendant Morgan breached an express warranty that the damage would be covered under the insurance policy at issue. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and 17.50 (a)(2) of the DTPA.

38.    Defendant Morgan's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA. Such conduct was relied upon by Plaintiffs to their detriment and were a proximate and producing cause of Plaintiffs' damages. Said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiffs should recover additional damages.

## B. Count Two - Texas Insurance Code Violations

39.    Plaintiffs reassert and incorporate by reference all the facts and allegations set forth above in paragraphs 6-12. Plaintiffs reassert and incorporate by reference all the facts and allegations set forth above.

40.    Defendant Morgan's conduct demonstrates that she engaged in unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim and the failure to promptly pay the claim after receipt of evidence that the claim should be paid and the failure to pay the

claim when liability had become reasonably clear. Specifically, Defendant committed the following unfair insurance practices:

  a.   Defendant Morgan engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

  b.   Defendant Morgan engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

  c.   Defendant Morgan engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.060 (7) of the Texas Insurance Code by refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

  d.   Defendant Morgan engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (1) of the Texas Insurance Code my making an untrue statement;

  e.   Defendant Morgan engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and in Section 541.061 (2) of the Texas Insurance Code by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

  f.   Defendant Morgan engaged in unfair claims settlement practices prohibited by Section 17.50 (A)(4) of the DTPA and defined in Section 541.061 (3) of the Texas Insurance Code by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

    41.   Defendants Morgan's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50

(a)(4) of the DTPA. Such conduct was relied upon by Plaintiffs to their detriment and were a proximate and producing cause of Plaintiffs' damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiffs should recover additional damages as provided by the Texas Insurance Code.

## VI. WAIVER AND ESTOPPEL

42.    Plaintiff would show that Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VII. CONDITIONS PRECEDENT

43.    All conditions precedent necessary to maintain this action have been performed or have occurred. Alternatively, Defendants have wholly waived and are estopped from asserting that Plaintiffs failed to fulfill all conditions precedent necessary to maintain this action. Plaintiffs brought this suit within two years of the date that Plaintiffs discovered or should, in the exercise of reasonable care and diligence, have discovered the nature of their injuries and damages.

## VIII. DAMAGES

44.    The above described acts, omissions, failures and conduct of Defendants caused Plaintiffs' damages which include, without limitation, the full payment of the claim at issue. Plaintiffs are also entitled to recover the amount of the claim plus an 18% per annum penalty on the claim against Defendant CHUBB as damages under the Prompt Payment of Claims Act.

## IX. ADDITIONAL DAMAGES

45.     Defendants "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of such conduct, Plaintiffs are entitled to additional damages as authorized by the Texas Insurance Code and DTPA including mental anguish.

## X. ATTORNEYS' FEES

46.     Plaintiffs seek attorneys' fees for the prosecution of this suit pursuant to Sec. 17.50(d) of the Texas Business and Commerce Code, Sections 541 and 542 of the Texas Insurance Code and Sec. 38.001 of the Texas Civil Practice and Remedies Code.

## XI. JURY DEMAND

47.     Plaintiffs request that this case be tried before a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final jury trial, they be awarded damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorneys' fees for the trial and any subsequent appeal of this case, pre-judgment and post-judgment interest at the highest rate permitted by law, damages authorized by the Texas Insurance Code and the Texas Business and Commerce Code, damages for mental anguish, and for such other and further relief, both at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

*/s/ Scott M. Keller*
Scott M. Keller
State Bar Number: 11198350
scottmkeller@sbcglobal.net
Joseph C. Edwards
State Bar Number: 06458020
jce163@att.net

LAW OFFICES OF SCOTT M. KELLER
3890 W. Northwest Highway, Ste. 650
Dallas, Texas 75220
Telephone: (214) 741-2963
Facsimile: (214) 741-2959

Michael S. Carnahan
State Bar Number: 03825700
mcarnahan@carnahanthomas.com
CARNAHAN THOMAS
1190 N. Carroll Avenue
Southlake, Texas 76092
Telephone: (817) 424-1001
Facsimile: (817) 424-1003

**ATTORNEYS FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2018, a true and correct copy of the foregoing was delivered to all counsel of record by electronic filing.

*/s/ Scott M. Keller*
Scott M. Keller