UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM W. CARUTH, III, ET AL., ) <br> ) <br> Plaintiffs, ) <br> ) <br> VS. ) <br> ) <br> CHUBB LLOYD'S INSURANCE ) <br> COMPANY OF TEXAS, ET AL., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br><br> 3:17-CV-2748-G |

## MEMORANDUM OPINION AND ORDER

Before the court are two motions: (1) the motion of the defendant Chubb Lloyd's Insurance Company of Texas ("Chubb") to strike the amended complaint of the plaintiffs William W. Caruth, III and Minnie A. Caruth (collectively, "the Caruths") (docket entry 21); and (2) the motion of the defendant Cynthia Morgan ("Morgan") to dismiss the Caruths' claims against her under Rule 12(b)(6) of the Federal Rules of Civil Procedure (docket entry 23). For the reasons set forth below, both motions are denied. And because the court concludes that the Caruths have now stated a potentially valid claim against Morgan, the court remands the case to the state court from which it was previously removed.

## I. BACKGROUND

A full recitation of the factual background of this case is provided in the court's memorandum opinion and order issued on April 9, 2018. *See generally* Memorandum Opinion and Order (docket entry 19). In that order, the court denied the Caruths' motion to remand, and dismissed their claims against Morgan, a Texas insurance adjuster, without prejudice. *Id.* at 12. The court previously dismissed the Caruths' claims against Morgan because, while Texas law permits recovery from insurance adjusters in their individual capacity, the Caruths simply failed to plead sufficient facts to push their claims against Morgan across the threshold from conceivable to plausible. See *id.* at 8, 12. But the court also explicitly afforded the Caruths an opportunity to amend their complaint in an attempt to cure the deficiencies -- with respect to their claims against Morgan -- contained therein. *Id.* at 12-13. On April 23, 2018, in conformity with this court's order, the Caruths filed an amended complaint. Plaintiffs' Amended Complaint (docket entry 20).

Shortly thereafter, on May 7, 2018, Chubb filed a motion to strike the amended complaint, contending that the sole purpose of the new complaint -- and, by extension, the Caruths' claims against Morgan -- is to defeat this court's diversity of citizenship jurisdiction. *See* Defendant Chubb Insurance Company of Texas's Opposed Motion to Strike the Plaintiffs' Amended Complaint ("Chubb's Motion to Strike") at 2-5 (docket entry 21). On the same day, Morgan filed a separate motion

to dismiss the Caruths' claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant Cynthia Morgan's Motion to Dismiss Subject to Chubb Lloyds Insurance Company of Texas's Motion to Strike Plaintiffs' Amended Complaint (docket entry 23); Defendant Cynthia Morgan's Brief in Support of Her Motion to Dismiss, Subject to Chubb Lloyds Insurance Company of Texas's Motion to Strike ("Morgan's Brief") (docket entry 24). As the basis for her motion, Morgan maintains that she "was not properly served and that the allegations in the Complaint amount to conclusory statements which fail to assert facts which state a valid claim against [her]." Morgan's Brief at 2.

On May 28, 2018, the Caruths filed their response to Chubb's motion to strike, and, one day later, they submitted a response to Morgan's motion to dismiss. Plaintiffs' Response to Defendant Chubb Insurance Company of Texas' Motion to Strike Amended Complaint and Brief in Support (docket entry 25); Plaintiffs' Response to Defendant Cynthia Morgan's Motion to Dismiss Amended Complaint and Brief in Support Thereof ("Caruths' Response to Morgan's Motion") (docket entry 26). The defendants, both Chubb and Morgan, filed replies on the same day, June 11, 2018. Defendant Cynthia Morgan's Reply in Support of Her Motion to Dismiss, Subject to Chubb Lloyds Insurance Company of Texas's Motion to Strike (docket entry 27); Defendant Chubb Lloyds Insurance Company of Texas's Reply in

Support of Its Motion to Strike Plaintiffs' Amended Complaint (docket entry 28). The instant motions are now ripe for decision.

## II.  ANALYSIS

The thrust of Chubb's motion is that the court should strike the Caruths' amended complaint because, according to Chubb, the Caruths only filed it in an attempt to defeat this court's subject matter jurisdiction. Chubb's Motion to Strike at 2. Yet the court *explicitly* afforded the Caruths an opportunity to amend their complaint. Memorandum Opinion and Order at 12-13. Importantly, as the Caruths suggest, when a case is removed from a notice pleading jurisdiction to federal court, the district court should afford the plaintiffs an opportunity to amend their complaint to satisfy the federal pleading standard. See *Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018) ("Removal from a notice-pleading jurisdiction is a natural time at which justice would call for the court to permit [the plaintiffs to amend their complaint.]"); see also *Glidewell v. Safeco Insurance Company of Indiana*, No. 3:15-CV-1099-G, 2015 WL 4868483, at *3 (N.D. Tex. Aug. 13, 2015) (Fish, Senior J.) (identifying Texas as a notice pleading jurisdiction). If it were assumed *arguendo* that the Caruths had not originally included Morgan in the case, but instead only added her in a last-ditch attempt to defeat the court's jurisdiction, the court might then consider questioning the Caruths' motive in filing an amended complaint. That did not happen in this case. Morgan has been a named defendant since this

case's inception, and even though the court previously concluded she was improperly joined, in filing their amended complaint the Caruths merely accepted the court's invitation to re-plead their claims against her.  Accordingly, the court declines Chubb's request to strike the amended complaint.

The court also rejects Morgan's contention that the court should dismiss the Caruths' re-pleaded claims under Federal Rule of Civil Procedure 12(b)(5).  *See* Morgan's Brief at 2.  Morgan urges that she was not formally served with the amended complaint, that counsel for her co-defendant, Chubb, did not agree to accept service for Morgan, and that the Caruths did not seek or receive a waiver.  *Id.* But, again, the Caruths' amendment came as a direct response to the court's invitation to re-plead their claims against Morgan.  Under these circumstances, where the court dismissed the plaintiffs' claims against one of the defendants but afforded the plaintiffs an opportunity to re-plead their claims, where the parties were well aware of the court's express invitation, and where the co-defendants have consistently acted in concert over the course of the instant litigation, *see* Caruths' Response to Morgan's Motion at 3-4, it was unnecessary for the Caruths to satisfy the requirements of formal service of a summons on, or waiver of a service from, Morgan.

The only remaining question before the court, then, is whether *any* of the Caruths' re-pleaded claims against Morgan are sufficient under the federal pleading standard.  In this case, both the Caruths and Morgan are citizens of Texas.  Plaintiffs'

Amended Complaint ¶¶ 2, 5. Therefore, if even one of the Caruths' re-pleaded claims against Morgan is sufficient to survive a Rule 12(b)(6) motion, the court must immediately remand the entire case. See *Petree v. Metropolitan Lloyds Insurance Company of Texas*, No. 3:16-CV-0735-G, 2016 WL 4211764, at *2 (N.D. Tex. Aug. 9, 2016) (Fish, Senior J.) ("The court need not decide whether the [plaintiffs] have sufficiently pleaded each cause of action; rather, if the court finds a reasonable basis to predict [the plaintiffs] can potentially recover on any of [their] causes of action [against the defendant whose presence in the suit would defeat complete diversity], the court must remand the entire case").

"Because Texas law recognizes claims against adjusters like [Morgan] in their individual capacities, the relevant inquiry is whether [the Caruths have] properly stated a claim against [Morgan] for [her] conduct as an individual adjuster." *Glidewell*, 2015 WL 4868483, at *4. "In making this determination, the question before the court is whether 'there is no reasonable basis for the district court to predict that the plaintiff[s] might be able to recover against' [Morgan], the non-diverse, in-state defendant, for violations of Chapter 541 of the Texas Insurance Code or the [Deceptive Trade Practices Consumer Protection Act]." *Id.* (quoting *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). Under Texas law, for an insurance adjuster to be held individually liable, "they have to have committed some act that is prohibited by the [the Texas Insurance Code],

not just be connected to an insurance company's denial of coverage." *Messersmith v. Nationwide Mutual Fire Insurance Company*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

Section 541.060(a)(1) of the Texas Insurance Code provides the following: "It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue. . . ." TEX. INS. CODE § 541.060(a)(1); see also *USAA Texas Lloyds Company v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018) ("The [Texas Insurance] Code grants insureds a private action against insurers that engage in certain discriminatory, unfair, deceptive, or bad-faith practices, and it permits, insureds to recover 'actual damages' . . . caused by' those practices, court costs, and attorney's fees, plus treble damages if the insurer 'knowingly' commits the prohibited act.").

After reviewing the Caruths' amended complaint, the court concludes that the Caruths have now pleaded a potentially valid claim for relief against Morgan under the Texas Insurance Code. Unlike their original petition, the Caruths' amended complaint contains substantial factual allegations to substantiate a § 541.060(a)(1) claim against Morgan. Rather than merely reciting the statutory provisions, the Caruths assert that one of their § 541.060(a)(1) claims against Morgan is based on

the following alleged misconduct: "After receiving the assignment of Plaintiffs' claim, Morgan inspected the Property on or about August 25, 2015 and represented to Plaintiffs that certain damaged interior areas of the Property would be covered by the Policy. However, Morgan subsequently denied payment to Plaintiffs to repair the very damage she had previously represented would be covered." Plaintiffs' Amended Complaint ¶ 8. Specifically, the Caruths assert that in her "First Report," Morgan noted that while "there is an exclusion for the rotted wood and maintneance [sic] issues," the "ensuing water damage is covered." *Id.* ¶ 9. Despite this initial representation -- and a second representation by Morgan at a meeting attended by a number of individuals including a public claims adjuster -- the Caruths contend that Morgan subsequently "wholly failed and refused to pay Plaintiffs for the ensuing water damage to their home." *Id.* ¶ 10. And according to the Caruths, they relied upon this and other misrepresentations to their detriment. *Id.* ¶ 23.

Other courts have determined that similar allegations are sufficient to state a claim for a violation of § 541.060(a)(1) under Texas's notice pleading standard. See *Glidewell*, 2015 WL 4868483, at *4-5 (discussing and listing cases). Further, in *Glidewell*, this court concluded that misrepresentations about the facts giving rise to a claim for coverage can constitute a violation of § 541.060(a)(1). *Id.* at *5; see also *Edwards v. State Farm Lloyds*, No. 3:17-CV-0171-G, 2017 WL 3480270, at *3 (N.D. Tex. August 14, 2017) (Fish, Senior J.) ("By alleging that [the insurance adjuster]

performed specific acts . . ., [the plaintiff] has sufficiently stated [a] claim that [the insurance adjuster] misrepresented the amount of damage to his property, a material fact related to the coverage at issue.  Furthermore, the allegations clearly distinguish between [the insurance adjuster] and [the insurance company], leaving no question that [the insurance adjuster], rather than [the insurance company], allegedly performed these acts.").  Applying the federal pleading standard to the allegations in this case, the court concludes that, taking the well-pleaded facts as true, the Caruths have now pleaded factual content that allows the court to draw the reasonable inference that Morgan may be liable for the misconduct alleged.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Some district courts in the Fifth Circuit have concluded that the heightened pleading standard under Federal Rule of Civil Procedure 9(b) governs claims under § 541.060(a)(1).  See *Tracy v. Chubb Lloyds Insurance Company of Texas*, No. 4:12-CV-0042-A, 2012 WL 2477706, at *8 (N.D. Tex. June 28, 2012) (McBryde, J.); *Khan v. Allstate Fire & Casualty Insurance Company*, No. CIV.A. H-11-2693, 2012 WL 1601302, at *7 (S.D. Tex. May 7, 2012).  However, just as this court determined in *Petree*, the court does not need to decide whether Rule 9(b) necessarily applies to a claim alleging a violation of § 541.060(a)(1) because the court concludes that the Caruths have raised enough factual content to satisfy both the normal Rule 8 standard federal pleading standard and the heightened pleading standard under Rule

9(b). *Petree*, 2016 WL 4211764, at *2 (citing *United States ex rel. Williams v. Bell Helicopter Textron*, 417 F.3d 450, 453 (5th Cir. 2005)) (specifying that Rule 9(b) requires, at a minimum, that a plaintiff set forth in the complaint the "who, what, when, where, and how" of any alleged fraud). As the Caruths contend, they have successfully satisfied the requirements of Rule 9(b): the who (Morgan), the what (misrepresenting that some of the ensuing water damage would be covered), the when (beginning "on August 25, 2015"), the where (the Caruths' home and at the subsequent meeting), the how (by initially misrepresenting in her first report, reiterating that misrepresentation in a meeting that the ensuing water damage would be covered, and subsequently denying coverage). *See* Plaintiffs' Amended Complaint ¶¶ 8-10.

Because the court has concluded that the Caruths have stated a viable claim against Morgan under the Texas Insurance Code, the court finds it unnecessary to consider the validity of the Caruths' additional claims against her. To be clear, in determining that the Caruths have stated a potentially valid claim against Morgan, the court does not intend to pierce the pleadings and comment on the merits of the Caruths' claims. Instead, the court simply concludes that at least one of the Caruths' re-pleaded claims is sufficient to overcome a Rule 12(b)(6) challenge.

Now that the Caruths have stated a valid claim against a non-diverse defendant, complete diversity -- as required under 28 U.S.C. § 1332 -- is lacking, and

this case must be remanded back to the state court from which it came.  *See* 28 U.S.C. § 1447(c).

### III.  CONCLUSION

For the reasons stated above, the court **DENIES** both Chubb's motion to strike and Morgan's motion to dismiss.  Because it is now clear that the court lacks subject matter jurisdiction over this dispute, this case is **REMANDED** to the **298th Judicial District Court of Dallas County, Texas**.  The clerk shall mail a certified copy of this memorandum opinion and order to the district clerk of Dallas County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED.**

August 16, 2018.

_____

**A. JOE FISH**
**Senior United States District Judge**